IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLY MARIE CONROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:19-42 |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 7, 11]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 8, 12]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). On or about April 2, 2015, Plaintiff applied for

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

DIB. [ECF No. 7-7 (Ex. 1D)]. In her application, she alleged that since March 21, 2015, she had been disabled due to major depressive disorder, PTSD, anxiety and panic disorder, insomnia, acid reflux, polycystic ovarian disease, and arthritis. [ECF No. 7-8 (Ex. 3E)]. Her date last insured is December 31, 2020. [ECF No. 7-2 at 15].[2] The state agency denied her claims initially, and she requested an administrative hearing. Administrative Law Judge ("ALJ") Bryce Baird held a video hearing on March 12, 2018, at which Plaintiff was represented by a non-attorney representative. [ECF No. 7-3, at 33-69]. Plaintiff appeared by video at the hearing and testified on her own behalf. Id. A vocational expert testified at the hearing via speakerphone. Id. at 63-68. In a decision dated June 4, 2018, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 7-2, at 15-28]. Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on December 28, 2018, the Appeals Council denied Plaintiff's request for review. [ECF No. 7-2, at 1-6]. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 9 and 11]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such

---

[2] To receive DIB, Plaintiff must establish that she became disabled prior to December 31, 2020, the date on which her insured status expires, or "date last insured." 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.   WHETHER THE ALJ PROPERLY EVALUATED THE MEDICAL OPINION EVIDENCE AND PROPERLY FORMULATED PLAINTIFF'S RFC**

The ALJ found that Plaintiff had severe impairments, including bipolar disorder and PTSD, and non-severe impairments, including hypothyroidism, degenerative disc disease of the lumbar spine, and obesity. [ECF No. 7-2, at 17]. He then found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 18-19. The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to: lift, carry, push or pull up to 50 pounds occasionally and up to 25 pounds frequently; and stand or walk up to six hours and sit up to six hours in an eight-hour work day. She was further limited to work: involving simple, routine tasks that could be learned after a short demonstration or within 30 days; with no production rate or pace work; that does not require travel to unfamiliar places; and that would not require her to independently develop work strategies or identify workplace needs. In addition, she was limited

to: occasional interaction with coworkers, but no more than superficial interaction with the public; work that does not require teamwork, such as on a production line; and work that requires doing the same tasks every day with little variation in location, hours, or tasks.  Id. at 19-25.  The ALJ ultimately concluded that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled within the meaning of the Act.  Id. at 26-27.

Here, Plaintiff argues the ALJ's RFC finding is not supported by substantial evidence because he gave wrong reasons for affording little and limited weight to the opinions of the treating physician and treating therapist, and that his reliance on the non-treating and non-examining sources was improper. [ECF No. 10, at 1-19].  Specifically, Plaintiff contends that the ALJ improperly gave significant weight to the October 15, 2015 opinion of consultative examiner, Rebecca Billings, Ph.D. and the October 29, 2015 opinion of state agency reviewing psychologist, Ray Milke, Ph.D, and gave little or limited weight to the 2016 and 2018 opinions of longtime treating psychiatrist, Sharon Kohnen, M.D., and treating therapist Johan M. Bowler, M.S., N.C.C. Id.  After careful consideration, I agree that remand on this issue is necessary under the facts of this case.

The amount of weight accorded to medical opinions is well-established.  Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source.  20 C.F.R. § 404.1527(c)(1).[3]  In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical

---

[3] Although the regulations governing the evaluation of medical evidence have been amended, the version effective March 27, 2017, does not apply to the present claim. See 20 C.F.R. § 404.1527 (2017); 20 C.F.R. § 404.1520c (2017).

impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." Id. § 404.1527(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only when an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. Id. Unless a treating physician's opinion is given controlling weight, the ALJ must consider all relevant factors that tend to support or contradict any medical opinions of record, including the patient/physician relationship; the supportability of the opinion; the consistency of the opinion with the record as a whole; and the specialization of the provider at issue. Id. § 404.1527(c)(1)-(6). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." Id. § 404.1527(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § [404.1527]([c])(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r of Soc. Sec. Admin., 403 F. App'x 679, 686 (3d Cir. 2010). The ultimate issue of whether an individual is disabled within the meaning of the Act is for the Commissioner to

6

decide. Thus, the ALJ is not required to afford special weight to a statement by a medical source that a claimant is "disabled" or "unable to work." See 20 C.F.R. § 404.1527(d)(1), (3); Dixon v. Comm'r of Social Security, 183 F. App'x 248, 251-52 (3d Cir. 2006) ("[O]pinions on disability are not medical opinions and are not given any special significance.").

Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505 (3d Cir. 2009). The ALJ must provide sufficient explanation of his final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 203-04 (3d Cir. 2008).

In this case, Plaintiff's two treating mental health providers, psychiatrist Sharon Kohnen and therapist John Bowler, each opined that Plaintiff had mental limitations that would prohibit her from any employment. In a mental residual functional capacity assessment dated February 23, 2016, Dr. Kohnen opined that Plaintiff was markedly limited[4] in ten out of twenty categories, including, inter alia, her ability to: maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; respond appropriately to changes in the work setting; and complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace

---

[4] The assessment defined "markedly limited" as "sufficient to preclude performance." [ECF No. 7-12 (Ex. 9F)].

without an unreasonable number and length of rest periods. [ECF No. 7-12 (Ex. 9F)]. On February 14, 2018, Dr. Kohnen completed a Medical Source Statement noting Plaintiff's bipolar and PTSD diagnoses and similarly opining that Plaintiff was unable to meet competitive standards[5] in thirteen out of twenty-one areas, including, inter alia, the ability to maintain regular attendance and be punctual within customary, usually strict tolerances; complete a normal workday and work week without interruptions from psychologically based symptoms; respond appropriately to changes in a routine work setting; and deal with normal work stress. [ECF No. 7-15 (Ex. 13F)]. Dr. Kohnen indicated that Plaintiff exhibited symptoms of "[b]ipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes)" and noted that Plaintiff was unable to maintain schedule and consistency due to bipolar episodes. Id. Dr. Kohnen described Plaintiff's prognosis as "poor for sustained remission." Id. Plaintiff received ongoing treatment with Dr. Kohnen from at least April 6, 2015 through November 20, 2017 at the Cranberry Psychological Center. Id.

In a similar Medical Source Statement dated February 2, 2018, treating therapist John Bowler, opined, inter alia, that Plaintiff was unable to meet competitive standards in her ability to deal with normal work stress, and had no useful ability to function[6] in her ability to maintain regular attendance and be punctual within customary, usually strict tolerances; complete a normal workday and work week without interruptions from psychologically based symptoms; and perform

---

[5] The medical source statement defines "unable to meet competitive standards" as "cannot satisfactorily perform this activity independently, appropriately, effectively, and on a sustained basis in a regular work setting." [ECF No. 7-15 (Ex. 13F)].

[6] The medical source statement defines "no useful ability to function" as "an extreme limitation, means your patient cannot perform this activity in a regular work setting." [ECF No. 7-15 (Ex. 12F)].

at a consistent pace without an unreasonable number and length of rest periods. [ECF No. 7-15 (Ex. 12F)]. Mr. Bowler noted that Plaintiff had been treating with him at Family Services of Warren County, Inc. since March of 2016 and that "she continued to cycle between manic and depression phases [of her bipolar disorder], spending the majority of time in depressed phase." Id.

The ALJ rejected the opinions of Dr. Kohnen and Mr. Bowler in favor of the contrary opinions of Rebecca Billings, Ph.D., a one-time consultative examiner who examined Plaintiff at the agency's request on October 13, 2015 [ECF No. 7-11 (Ex. 6F)], and Ray M. Milke, Ph.D., the non-examining state agency review physician who dated his opinion on October 29, 2015 [ECF No. 7-4 (Ex. 2A)]. See ECF No. 7-2, at 24-25. Dr. Billings proffered no more than moderate limitations on Plaintiff's mental functioning and no limitations on her ability to perform simple tasks. [ECF No. 7-11 (Ex. 6F)]. Similarly, Dr. Milke noted only zero to moderate limitations and opined that, despite those limitations, Plaintiff maintained the ability to understand, retain, and follow simple instructions and directions and was capable of doing simple, routine, and repetitive work. [ECF No. 7-4 (Ex. 2A)]. Both Dr. Billings's and Dr. Milke's opinions predated Plaintiff's bipolar diagnosis, and they did not evaluate her limitations in the context of bipolar disorder.

The ALJ gave Dr. Billings's opinion significant weight because she was familiar with Social Security rules and regulations regarding mental impairments; she conducted a thorough mental status examination whose findings supported her conclusions; and her conclusions were consistent with the record overall which demonstrates improvement and stability and treatment. [ECF No. 7-2, at 24]. The ALJ likewise gave significant weight to Dr. Milke's opinion because it was consistent with the record overall, including treatment records and he had the opportunity to examine "the entire written record to the point that he issued his opinion." Id. In assigning

limited to little weight to Dr. Kohnen and Mr. Bowler, the ALJ noted that those opinions were inconsistent with those of Dr. Billings and Dr. Milke and were unsupported by the treatment records. Id. The ALJ further stated that progress notes indicated that, although Plaintiff did sometimes report increases in symptoms, they "often had to do with short-term situational stressors" and that Dr. Kohnen's and Mr. Bowler's opinions "differ[ed] on almost every rating given." Id.

Although, as set forth above, an ALJ is not always required to give greater weight to treating physician opinions, and may reject the treating physician's assessment if, for example, such rejection is based on contradictory medical evidence, the timing of the non-treating opinions here coupled with the ALJ's reasons for assigning them greater weight necessitate remand in this case. Significantly, although Dr. Billings personally examined Plaintiff and Dr. Milke had available "the entire written record to the point that he issued his opinion," both of their opinions predated Plaintiff's bipolar diagnosis, and neither had the longitudinal treatment records specific to Plaintiff's bipolar disorder to inform their review. Indeed, Dr. Billings and Dr. Milke rendered their "snapshot" opinions well over two years prior to the 2018 opinions of Dr. Kohnen and Mr. Bowler. This consideration is particularly important in this case in light of the episodic nature of bipolar disorder. See Daniels v. Colvin, No. 1:12-cv-00316-SEB-MJD, 2013 WL 3776515, at *6 (S.D. Ind. July 16, 2013) ("Because of the episodic nature of bipolar disorder in particular, isolated evidence of higher functionality does not contradict longitudinal evidence of lower functionality."); Kangail v. Barnhart, 454 F.3d 627, 629 (7th Cir. 2006) (because bipolar disorder is episodic, observations of normal behavior during office visits do not contradict finding of inability to work); Bauer v. Astrue, 532 F.3d 606, 608-09 (7th Cir. 2008); Jelinek v. Astrue, 662 F.3d 805, 814 (7th Cir. 2011) ("[B]ipolar disorder . . . is by nature episodic and admits to regular fluctuations even

under proper treatment."); 20 C.F.R. § 416.927(c)(2) (treating sources may bring a unique perspective to the medical evidence that cannot be obtained from the reports of an individual consultative examination).

Viewed through the lens of bipolar disorder (which the ALJ recognized as a severe impairment), many of the ALJ's reasons for discrediting both Plaintiff and her treating phyisicans become less compelling. For example, the ALJ's observations about Plaintiff such as the fact that her symptoms wax and wane or that her condition is exacerbated by "short-term situational stressors" appear less indicative of an ability to perform sustained work activity. Similarly, although the ALJ is correct that many of the limitations contained in Dr. Kohnen's and Mr. Bowler's opinions differ from each other in degree, the areas as to which they both agree Plaintiff cannot satisfactorily perform on a sustained basis in a regular work setting – such as maintaining regular attendance, completing a normal workday or workweek without interruption, and dealing with normal work stress – each become more relevant given bipolar disorder's episodic nature.

In short, after examining relevant factors including the length, nature, and extent of the treatment relationships, as well as the timing of the issuance of the medical opinions at issue relative to Plaintiff's longitudinal treatment for bipolar disorder, I find that the ALJ's decision to give greater weight to the findings of a one-time consultative examiner and the state agency reviewing physician than to the opinions of Plaintiff's treating physicians is not supported by substantial evidence. In so ruling, I do not make any findings as to whether or not Plaintiff is or is not disabled or whether the opinions of Dr. Kohnen and Mr. Bowler are entitled to controlling weight. I simply find that remand is necessary for further consideration of these issues.

### III. CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the

Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because, in discussing Plaintiff's RFC, the ALJ failed to adequately address the medical opinion evidence and other record evidence concerning Plaintiff's bipolar disorder as set forth more fully herein. The case therefore is remanded for further consideration in light of this Opinion. In remanding on the points herein, I make no findings as to whether Plaintiff is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KELLY MARIE CONROY, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Civil Action No. 1:19-42 |
| ANDREW M. SAUL, Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

**ORDER OF COURT**

AND NOW, this 17th day of March, 2020, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 9] is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 11] is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).